### EMRICH v. EMRICH et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

DOWER (§ 87*)—PERMANENT IMPROVEMENTS.

    Under Code Civ. Proc. § 1600, providing that a widow's damages for withholding dower shall not include anything for the use of permanent improvements made after the husband's death, and section 1601, making a similar provision in cases of alienation during the husband's life, a widow was not entitled to dower in improvements erected on the land by a third person by mistake after the husband's death.

    [Ed. Note.—For other cases, see Dower, Cent. Dig. § 328; Dec. Dig. § 87.*]

Appeal from Special Term, Kings County.

Action by Josephine D. Emrich against John Emrich and others. From an order denying plaintiff's motion to continue a temporary injunction pendente lite, she appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Harry S. Lucia, for appellant.
Samuel Wechsler, for respondents Serpe and Spanarelli.

HOOKER, J. The defendants Serpe and Spanarelli owned a building lot adjoining the one owned by the defendants Emrich, and by mistake built a three-story brick structure upon the lot that belonged to the defendants Emrich, instead of upon their own. On discovering the mistake, when the building was completed, they tried to buy the lot of the owners; but, for reasons which it is hardly necessary to go into, the effort failed, and the builders of the brick structure commenced its removal from the lot upon which it was built to their own adjoining. The Emrich lot was formerly owned by the father of the defendants Emrich, who was the husband of the plaintiff. He died many years ago and long before the building was constructed. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff having been advised of this structure, and learning that the builders intended to remove it from the Emrich lot, commenced this action to admeasure her dower, and procured a temporary injunction, the order refusing to continue which is the subject of review.

A number of suggestions are made by the plaintiff in her brief, but none of them have any force as against the doctrine of the law that the plaintiff's dower must be computed upon the value of the property at the date of succession or alienation; in other words, she has, under the law, no right to share in the improvements which have been made since alienation or since death. Sidway v. Sidway, 52 Hun, 222, 4 N. Y. Supp. 920, and cases cited. The provisions of the Code of Civil Procedure all recognize this doctrine. Section 1600 provides that the widow's damages shall not include anything for the use of permanent improvements made after the death of the husband. The next section contains a similar provision to apply in cases where the alienation is during the husband's lifetime, and in section 1609 the plan provided for the admeasurement of dower is altogether upon the theory that the widow is not entitled to the benefit of permanent improvements made after the death of the husband.

In view of the fact that the building was put upon the lot in which plaintiff has a dower interest, long after the death of her husband, it seems to be clear that in this action she would not be entitled to have any benefit thereby, and, if that be so, she has no damage by reason of its removal.

The order appealed from should be affirmed, with costs. All concur.